

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DARRELL L. GOSS,<br>　　　Plaintiff,<br><br>vs.<br><br>ALBERT L. MACK, TRAVIS GUESS,<br>MR. ALLEN, BRIAN KENDELL, CAROL<br>HOLMES, SHONDA ROBINSON, and<br>LARRY TURNER,<br>　　　Defendants. | Civil Action No. 2:20-00949-MGL |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

Plaintiff Darrell L. Goss (Goss), proceeding pro se and in forma pauperis, filed this civil action against Defendants Warden Brian Kendell (Kendell), Major Carol Holmes (Holmes), Captain Albert Mack (Mack), Lieutenant Travis Guess (Guess), Lieutenant Shonda Robinson (Robinson), Commissary Manager Mr. Allen (Allen), and Commissary Branch Chief Larry Turner (collectively, Defendants), alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending Defendants' motion to dismiss official capacity claims be granted in part and denied in part. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 25, 2021. To date, neither party has filed any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Goss's Section 1983 claims for monetary damages against Defendants in their official capacities are **DISMISSED**. Further, Goss's Section 1983 claims for injunctive relief against Holmes, Mack, Guess, Robinson, Allen, and Turner are **DISMISSED**. But, Goss's Section 1983 claim for injunctive relief against Kendall remains **PENDING**.

**IT IS SO ORDERED.**

Signed this 13th day of July 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.