

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DARRELL L. GOSS,<br>    Plaintiff,<br><br>vs.<br><br>BRIAN KENDELL; CAROL HOLMES;<br>ALBERT L. MACK; TRAVIS GUESS;<br>SHONDA ROBINSON; MR. ALLEN; and<br>LARRY TURNER,<br>    Defendants. | §<br>§<br>§<br>§<br>§   Civil Action No. 2:20-00949-MGL<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING IN PART AND REJECTING IN PART
THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Darrell L. Goss (Goss), an inmate at Lieber Correctional Institution (Lieber) proceeding pro se, filed this civil action against Defendants Warden Brian Kendell (Kendell), Major Carol Holmes (Holmes), Captain Albert L. Mack (Mack), Lieutenant Travis Guess (Guess), Lieutenant Shonda Robinson (Robinson) (collectively, Officer Defendants), and Commissary Manager Mr. Allen (Allen) and Commissary Branch Chief Larry Turner (Turner) (collectively, Commissary Defendants). For purposes of this Order, the Court will refer to Officer Defendants and Commissary Defendants collectively as Defendants.

In Goss's fourth amended complaint, he alleges violations of his Eighth and Fourteenth Amendment Constitutional rights pursuant to 42 U.S.C. § 1983. Goss seeks injunctive relief, as well as compensatory and punitive damages.

The Court previously adopted the Magistrate Judge's Report and Recommendation (Report I) and dismissed Goss's claims for monetary damages against Defendants in their official capacities, as well as his claims for injunctive relief against Holmes, Mack, Guess, Robinson, Allen, and Turner. Thus, after the Court's previous adoption of Report I, only Goss's claims against Defendants in their individual capacities, and his claim for injunctive relief against Kendell, remains.

This matter is before the Court for review of the Report and Recommendation (Report II) of the United States Magistrate Judge recommending Defendants' motion for summary judgment be: granted as to Goss's Fourteenth Amendment claim against Officer Defendants, granted as to Goss's Eighth Amendment inadequate footwear claim against Commissary Defendants, denied as to Goss's remaining Eighth Amendment conditions of confinement claim against Officer Defendants, and denied as to Goss's claim for injunctive relief against Kendell for his conditions of confinement claim. Report II was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed Report II on January 7, 2022, Defendants filed their objections on January 31, 2022, and the Clerk of Court docketed Goss's reply to Defendants' objections on February 9, 2022. Goss failed to file any specific objections to Report II. Goss was warned of the

consequences of failing to file specific objections. *See* Report at 20 ("The parties are advised that they may file specific written objections to this Report , . . . and [o]bjections must specifically identity the portions of the Report . . . to which objections are made and the basis for such objections."). In that Goss failed to make specific objections to the Report, this Court concludes he has waived appellate review. Consequently, the Court will dismiss Goss's Eighth Amendment inadequate footwear claim against Commissary Defendants without prejudice for failure to exhaust administrative remedies, as well as dismiss his Fourteenth Amendment claim against Officer Defendants.

"In [Goss's] Fourth Amended Complaint, [he] alleges that[,] since May 9, 2019[,] and continuing to the present date, [Officer Defendants] have been denying [him] adequate indoor and outdoor recreation, exercise, fresh air, and direct sunlight exposure." Report II at 1. "According to [Goss], such conduct violates his [C]onstitutional rights under the Eighth and Fourteenth Amendments." *Id.* Goss "further alleges that since May 9, 2019[,] and continuing to the present date, [Commissary Defendants] have failed to provide him adequate footwear in violation of the Eighth Amendment." *Id.* at 1–2.

"In a personal declaration . . . , [Goss] avers he has been in the Restorative Unit for over two years now." *Id.* at 9 (internal citation omitted) (footnote omitted). "The Restorative Unit is a housing unit [at Lieber] . . . [that] houses inmates who have either requested protective custody or have been deemed in need of protective custody for their own safety." *Id.* (internal citations omitted). According to Goss's declaration, he requested to be placed in protective custody because "[g]ang members of the Folk Nation have threaten[ed] to retaliate against [him] because [he] stabbed two (2) of their members in self defense when they ambushed [him] in [his] cell and stabbed [him] first." Goss Decl. ¶ 2.

3

Goss's "declaration states that [Officer Defendants] afforded Restorative Unit inmates two hours of out-of-cell recreation time per day from the time that he arrived [on May 9, 2019,] until April of 2021." Report II at 9. Goss "asserts that this is significantly less time than the prison's policy mandates" and "further claims that during this limited recreation time, there is no exercise equipment available, and no space or area available for physical exercise in the [RHU]." *Id.* (internal citations omitted).

According to Goss, he "cannot do any meaningful exercise in his cell because the air conditioning does not work properly, resulting in extreme hot temperatures that make it dangerous for him to exercise." *Id.* (internal citations omitted). But, outside of his cell and within the interior of the RHU, Goss is able to, among other things, run laps around the RHU wing for exercise. *See* June 25, 2019, Lieber Medical Record at 1 (noting that Goss informed SCDC personnel at a medical visit he exercises by running laps around the RHU wing).

Additionally, Goss's "declaration also states that the Restorative Unit inmates are supposed to be allowed onto the outside recreational field, but [Officer Defendants] would fail to open the rec field or fail to order that the rec field be opened." Report II at 9 (internal citation omitted). Consequently, according to Goss, "because the officers do not open the outside rec field when they are supposed to, this results in him not receiving adequate sunlight exposure." *Id.* at 9–10 (internal citation omitted).

Further, Goss contends "restrictions to his out[-]of[-]cell time changed when the prison implemented a tier restriction for the Restorative Unit in April of 2021." *Id.* at 10 (internal citation omitted). Under this new tier restriction, Goss posits "Restorative [Unit] inmates have been limited to just [two]-[three] out-of-cell recreational periods per week" and "he has only been allowed outside a few times in the past five months." *Id.* (internal citations omitted). But,

4

according to Goss, since the new tier restrictions began, Officer Defendants "now allow the inmates to come out of their cells from 9:00 a.m to 2:00 p.m., extending the inmates['] [inside] rec[reation] time to [five] hours." Goss Decl. ¶ 11.

Goss "states that he was informed by certain [Officer] Defendants that the Restorative Unit will be under tier restriction permanently." Report II at 10 (internal citation omitted). Goss maintains he sustained the following injuries due to the actions of [Officer] Defendants: "vitamin D deficiency, numbness and tingling in his extremities, back and neck pain, anxiety, depression, irritability, and loss of sleep." *Id.* at 12. Regarding Goss's Vitamin D deficiency, his medical records indicate once Lieber determined he suffered from this health ailment, it provided him "Vitamin D3 25 mg (1,000 unit) tablet[s]" to take twice a day. *See* Mar. 4, 2021, Lieber Medical Record at 2. As to Goss's mental health issues, he takes "Prozac 60 mg daily[.]" *See* Apr. 20, 2021, Lieber Medical Record at 1. And, at a recent appointment with the medical staff at Lieber, Goss reported he is doing "great" and "wonderful." *Id.*

Defendants present two objections to Report II. First, Defendants aver the Magistrate Judge improperly recommended Defendants' motion for summary judgment as to Goss's Eighth Amendment conditions of confinement claim against Officer Defendants be denied.

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates[.]" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal citation omitted). An Eighth Amendment analysis "necessitates inquiry as to whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered[,] or injury inflicted[,] on the inmate was sufficiently serious (objective component)." *Williams v.*

5

*Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). "What must be established with regard to each component 'varies according to the nature of the alleged constitutional violation.'" *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)).

"The subjective component [of an Eighth Amendment analysis in a conditions of confinement case such as the one before this Court] is satisfied by showing deliberate indifference [to an inmate's health] by prison officials." *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998). A prison official is deliberately indifferent "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Deliberate indifference is "more than mere negligence," but "less than acts or omissions [done] for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. To be held liable under this standard, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Here, the Court concludes the prison officials' actions of allowing Goss, an inmate held in a restrictive housing unit at his request for his own safety, two to three out-of-cell inside recreational periods per week of approximately five-hours each in length, in which he is able to run laps within this indoor area for exercise, along with several outdoor trips over a five-month period, and providing him Vitamin D supplements to treat a Vitamin D deficiency, and depression medications to treat his mental health issues, fail to demonstrate deliberate indifference.

"It may generally be considered that complete deprivation of exercise for an extended period of time violates Eighth [A]mendment prohibitions against cruel and unusual punishment." *Mitchell v. Rice*, 954 F.2d 187, 191 (4th Cir. 1992) (footnote omitted). Moreover, the Constitution fails to mandate outdoor exercise when alternative avenues for exercise exist. *See Norbert v. Cty.*

6

*And Cnty. Of San Francisco*, 10 F.4th 918, 929–34 (9th Cir. 2021 (citations omitted) (surveying cases and explaining the Constitution fails to require outdoor exercise when other opportunities for physical exercise are available).

Further, the inherent nature of a restricted housing unit, as opposed to a general population setting, necessitates a more stringent Eighth Amendment analysis when an inmate complains of his conditions of confinement. *See Taylor v. Rogers*, 781 F.2d 1047, 1050 (4th Cir. 1986) (discussing how a prisoner seeking protective custody to be free from prison violence was required to give up numerous living features available to the general prison population, such as generous physical recreation opportunities and facilities, and certain deprivations failed to give rise to an Eighth Amendment violation).

Although nonbinding on this Court, the Fifth Circuit has concluded an inmate confined to maximum security who "was not permitted any outdoor exercises but . . . was allowed one hour daily outside his cell on the tier to exercise in any manner he desired" failed to "constitute cruel and unusual punishment in violation of the [E]ighth [A]mendment." *Wilkerson v. Maggio*, 703 F.2d 9098, 911–12 (5th Cir. 1983).

As discussed above, Goss fails to allege a complete deprivation of out of cell recreation or outdoor recreation. Rather, Goss primarily desires to increase his access to outdoor exercise, which he contends will improve his Vitamin D deficiency. But, as noted above, as soon as the medical staff at Lieber concluded he suffered from a Vitamin D deficiency, it immediately prescribed him "Vitamin D3 25 mg (1,000 unit) tablet[s]" to take twice a day. *See* Mar. 4, 2021, Lieber Medical Record at 2. And, as to Goss's mental health issues, Lieber provides him appropriate medication, which appears to be working as intended. *See* Apr. 20, 2021, Lieber

7

Medical Record at 1 (noting Goss is taking Prozac to treat his mental health issues and reports he is doing "great" and "wonderful.").

Consequently, the Court will sustain this objection and reject the R&R as to its recommendation the Court deny Defendants' motion for summary judgment as to Goss's Eighth Amendment conditions of confinement claim.  Inasmuch as the Court concludes it will grant Defendants' motion for summary judgment as to Goss's Eighth Amendment conditions of confinement claim, it need not address Defendants' second objection regarding qualified immunity.  And, because the Court will sustain Defendants' first objection and grant their motion for summary judgment as to Goss's Eighth Amendment conditions of confinement claim, Goss's claim for injunctive relief as to that claim will be denied, too.

After a thorough review of Report II and the record in this case pursuant to the standard set forth above, the Court sustains Defendants' objection regarding Goss's Eighth Amendment conditions of confinement claim, and adopts in part and rejects in part Report II.  Therefore, it is the judgment of the Court Defendants' motion for summary judgment is granted as to: Goss's Fourteenth Amendment claim against Officer Defendants, granted as to Goss's Eighth Amendment inadequate footwear claim against Commissary Defendants, granted as to Goss's remaining Eighth Amendment conditions of confinement claim against Officer Defendants, and granted as to Goss's claim for injunctive relief against Kendell for his conditions of confinement claim.  Accordingly, all claims are **DISMISSED WITH PREJUDICE**, other than Goss's Eighth Amendment inadequate footwear claim against Commissary Defendants, which is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 23rd day of March 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.