

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| DARRELL L. GOSS,          § | |
|     Plaintiff,     § | |
| § | |
| vs.                             § | |
| § | Civil Action No. 2:20-00949-MGL |
| BRIAN KENDELL; CAROL HOLMES; § | |
| ALBERT L. MACK; TRAVIS GUESS; § | |
| SHONDA ROBINSON; MR. ALLEN; and § | |
| LARRY TURNER,          § | |
|     Defendants.     § | |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO ALTER AND AMEND JUDGMENT
AND MOTION FOR RELIEF FROM JUDGMENT**

**I.     INTRODUCTION**

Pending before the Court are Plaintiff Darrell L. Goss's (Goss) motion to alter or amend the summary judgment in this case under Federal Rule of Civil Procedure 59(e) and motion for relief from the judgment in this case under Federal Rule of Civil Procedure 60(b)(1). Defendants Brian Kendell, Carol Holmes, Albert L. Mack, Travis Guess, Shonda Robinson, Mr. Allen, and Larry Turner (collectively, Defendants) oppose the motions. Having carefully considered the motions, the responses, the reply, the surreply, the record, and the applicable law, it is the judgment of the Court the motions will be denied.

## II.    FACTUAL AND PROCEDURAL HISTORY

The facts of the case are set forth fully in its order adopting in part and rejecting in part the report and recommendation and granting defendants' motion for summary judgment (the Court's Opinion), and incorporated by reference here.  For ease of understanding, the Court sets forth a summary here.

Goss, an inmate at Lieber Correctional Institution, alleges Defendants have denied him adequate indoor and outdoor recreation, exercise, fresh air, and direct sunlight exposure in violation of his Eighth Amendment rights.

Specifically, Goss alleges he receives significantly less out-of-cell recreation time than the prison's policy and that there is inadequate space available for physical exercise during those limited times.  Moreover, he insists Defendants have failed to provide sufficient access to the outdoor field.

Goss maintains this lack of exercise has resulted in injury including Vitamin D deficiency, numbness and tingling in his extremities, back and neck pain, anxiety, depression, irritability, and loss of sleep.   But, his records show the prison has provided Vitamin D supplements.

Defendants previously moved for summary judgment, which the Court granted in the Court's Opinion after considering the Magistrate Judge's Report and Recommendation.

Six days after entry of the Court's Opinion, Goss mailed his motions, which the Clerk of Court docketed.  Defendants responded to each motion, and Goss replied regarding the motion to alter or amend only.   Because Goss raised new arguments in his reply, the Court ordered Defendants to file a surreply, which they did in due course.  Goss also filed a motion to expedite resolution of his motions.  The Court, having been fully briefed on the relevant issues, will now adjudicate the motions.

2

### III.     LEGAL STANDARD

####     A.     *Rule 59(e)*

Under Rule 59(e), a Court may alter or amend a judgment "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted). Further, "mere disagreement [with a district court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082. "In general[,] reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted).

####     B.     *Rule 60(b)(1)*

Under Rule 60(b)(1), a Court may grant relief from a judgment because of "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). "A party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect pursuant to Rule 60(b)(1)." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 413 (4th Cir. 2010). A motion under this rule "must be made within a reasonable time" within a year of entry of the judgment. Fed. R. Civ. P. 60(c)(1).

"To obtain relief from a judgment under Rule 60(b), a moving party must first show (1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside." *United States v. Welsh*, 879

3

F.3d 530, 533 (4th Cir. 2018). Such relief is an "extraordinary remedy" that sets aside "the sanctity of [a] final judgment[.]" *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979) (citation omitted) (internal quotation marks omitted).

### IV.     DISCUSSION AND ANALYSIS

#### A.     *Whether the Court should alter or amend the judgment under Rule 59(e)*

First, Goss insists the Court exceeded the scope of its review and rewrote Defendants' objections in its order adopting in part and rejecting in part the Magistrate Judge's Report and Recommendation (Report). In essence, he argues Defendants failed to object to the ultimate conclusion of the Report, only specific parts of her analysis. Defendants insist the Court made no error of law.

In the conclusion of Defendants' first objection to the Report, upon which Goss focuses in his motion, Defendants argue the facts they presented, "combined with case precedent, indicate that Plaintiff has not established a constitutional violation and that Defendants are entitled to both qualified immunity and summary judgment." Objections at 3. Defendants therefore objected to the Report's ultimate recommendation.

Goss is thus incorrect that the Court considered arguments outside the Defendants' objections. The Court thus made no clear error of law in rejecting a portion of the Report and granting summary judgment. Goss's motion to alter or amend thus fails on this ground.

Second, Goss posits that he has presented new evidence based upon which the Court should alter or amend its judgment as to his Eighth Amendment conditions of confinement claim. Defendants contend Goss misrepresents the evidence, and, in any event, it is insufficient.

4

Goss fails to show that this new evidence—some of which is dated before the Court's Opinion—was previously unavailable. Even if it were unavailable, however, the Court would still refrain from altering or amending the judgment for the reasons explained below.

Goss attaches medical records which he states shows that a doctor stopped his mental health medication. But, the medical records actually show that the dosage was decreased and a new medication added, based on a conversation between Goss and his doctor. This evidence fails to indicate deliberate indifference giving rise to a conditions of confinement claim. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (reasoning a prison official is deliberately indifferent "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it"). Goss's motion to alter or amend thus fails on this ground, as well.

Next, Goss points to medical records showing his Vitamin D levels were low, and communications with medical staff where he indicated he had failed to receive his Vitamin D supplements. Defendants attach an affidavit to their response that explains that inmates must request refills of Vitamin D supplements, which Goss has done twice. But, Goss had previously indicated he misunderstood the process of receiving refills.

The evidence regarding Goss's Vitamin D levels fails to indicate deliberate indifference. Goss neglects to show that any individual defendant knew he was deprived of Vitamin D supplements if that were indeed the case. In fact, the records show that prison staff communicated with him to ensure that he was taking the medication he needed.

Additionally, Goss's medical records indicate he had high cholesterol. But, he fails to indicate how this medical condition gives rise to a claim. In fact, doctors prescribed him a medication, which he initially refused in favor of attempting to address the issue through his diet.

None of the additional medical records Goss provides support a holding of deliberate indifference. Goss's motion to alter or amend thus also fails on this ground.

Finally, Goss argues the Court erred by making improper credibility determinations. Defendants insist the evidence presented is insufficient to defeat summary judgment even without opining on its credibility.

On a motion for summary judgment, the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 569 (4th Cir. 2015). Nevertheless, a plaintiff's "self-serving opinion . . . cannot, absent objective corroboration, defeat summary judgment." *Williams v. Giant Food Inc.*, 370 F.3d 423, 433 (4th Cir. 2004) (citations omitted).

To the extent Goss's statement offered opinions, the Court need not consider them, because they are unsubstantiated by other evidence in the record. On the other hand, to the extent his statement contains assertions of fact, the Court is prohibited from making a credibility determination at the summary judgment stage.

Upon review of the Court's Opinion, the Court determines it refrained from doing so. For example, Goss states in his declaration he has access to some outdoor exercise, albeit rare. He also avouches he spends at least ten hours every week outside his cell, with access to television and board games. As discussed in the Court's Opinion, these facts belie deliberate indifference. Even taking Goss's factual allegations as true, therefore, he failed to establish a genuine issue of material fact. Goss's motion to alter or amend thus fails on this ground, too. The Court will therefore deny the motion to alter or amend.

### B.     *Whether the Court should grant relief from the judgment under Rule 60(b)(1)*

As an initial matter, Goss's motion for relief from the judgment, mailed six days after the judgment, is timely.  The Court thus turns to the merits.

Goss asks the Court to consider the fact that he suffers from high blood pressure, which he avouches he "inadvertently forgot to mention . . . in his pleadings (although he thought he did)." Motion at 2.  He argues "the lack of physical exercise opportunities, stress, depression, and anxiety ha[ve] contributed to his increased blood pressure." *Id.* at 3.  Defendants insist Goss's motion "is nothing more than a request for the District Court to change its mind."  Response at 2.

Even if Goss shows excusable neglect, evidence regarding his high blood pressure fails to give rise to a meritorious cause of action.  Goss has failed to show Defendants were deliberately indifferent to his high blood pressure.  *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (reasoning a prison official is deliberately indifferent "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it").  In fact, his medical records show he receives treatment for the condition.

And, his high blood pressure fails to provide evidence that the conditions of his confinement are unacceptable under the Eighth Amendment.  Although he insists his lack of exercise exacerbates the issue, the Court previously rejected the argument that his access to exercise was sufficiently limited to give rise to a constitutional claim.  It determined that "Goss fails to allege a complete deprivation of out of cell recreation or outdoor recreation.  Rather, Goss primarily desires to increase his access to outdoor exercise[.]"  Court's Opinion at 7.

Goss now insists that the Court erred in finding that Goss can run laps in his dormitory. He insists "the dorm is too small and 40-50 other inmates [are] also outside their rooms too, walking through the dorm." Motion at 3. Even if this were true, as Defendants point out, this fails

7

to prevent Goss from performing other forms of exercise, particularly stationary exercise such as wall-sits or squats. And, Goss's own declaration stated he has access to outdoor exercise, albeit rare.

In sum, Goss's assertions about his blood pressure fail to entitle him to relief. As the Court previously held, even if Goss's conditions of confinement are less than aspirational, they fail to give rise to a constitutional claim. The Court will thus deny his motion for relief from the judgment.

### V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, and in the interest of finality, it is the judgment of the Court Goss's motion to alter and amend judgment and motion for relief from the judgment are **DENIED**. Further, as the Court has now ruled on all Goss's substantive motion, his motion to expedite is **DEEMED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 11th day of January 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.